## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

RON BLOCKER,                          2007 AUG 10  P 4: 48

      Plaintiff                          )
                                      )
                                      )
vs.                                   )     CIVIL ACTION NO. _____
                                      )
CHAROEN POKPHAND (USA), INC.,         )     2:07cv722-MHT
et al.                                )
      Defendants.                        )

### NOTICE OF REMOVAL

Defendant Equity Group Eufaula Division, LLC ("Equity Group") hereby files

this Notice of Removal of the above-captioned action from the Circuit Court of Barbour

County, Alabama, where the action is now pending, to the United States District Court

for the Middle District of Alabama as provided by 28 U.S.C. §§ 1441 and 1446.  In

support of this Notice of Removal, Equity Group states as follows:

      1.     Plaintiff, a former employee of Equity Group and Charoen Pokphand

(USA), Inc. ("CP") commenced this action on May 15, 2007 by filing a Complaint in

the Circuit Court of Barbour County, Alabama against CP.  In his initial Complaint,

Plaintiff alleged that CP (1) violated 29 U.S.C. § 201, et seq., commonly known as the

Fair Labor Standards Act of 1938 ("FLSA"), by firing him in retaliation for his having

complained about working overtime;  and (2) fraudulently induced him into accepting a

promotion from an hourly position to a salaried position.  Plaintiff did not name Equity

Group as defendant in his original Complaint.

- 1 –

2.    On June 11, 2007, CP filed a Motion to Dismiss on the grounds that Plaintiff's claims were barred by the applicable statutes of limitation.  CP asserted that it had previously employed Plaintiff, but on March 12, 2004 it sold the facility in which it had employed Plaintiff to Equity Group, thereby effectively terminating his employment with CP on that date.  CP argued in its Motion to Dismiss that based on the March 12, 2004 termination, all of Plaintiff's claims against CP were barred by the applicable statutes of limitation.

3.    On July 9, 2007, Plaintiff filed a Motion for Leave to Amend Complaint to add Equity Group as a defendant.

4.    On July 11, 2007 the trial court granted both Plaintiff's Motion for Leave to Amend Complaint and CP's Motion to dismiss, and dismissed Plaintiff's claims against CP with prejudice.

5.    On July 12, 2007, Plaintiff filed his Amended Complaint, adding Equity Group as a defendant.

6.    On July 18, 2007, Plaintiff served Equity Group via certified mail with a summons and Amended Complaint.  The Amended Complaint alleges that Equity Group violated the FLSA in firing Plaintiff, and also alleges claims for common law fraud and suppression.

7.    Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b), this Court has original jurisdiction over FLSA claims, and removal to this Court is proper because an action under the FLSA that was initiated in a state court is removable to federal court.  See Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003).  In addition,

- 2 -

pursuant to 28 U.S.C. § 1441(c), this Court may assert jurisdiction over Plaintiff's common law fraud claim.

8.    Pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed within 30 days of service of the summons and Amended Complaint on Equity Group, and the action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

9.    A certified copy of the complete record in this matter is attached as Exhibit A.

10.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to the Plaintiff and, together with a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of Barbour County, Alabama, Eufaula Division.

WHEREFORE, Equity Group prays that this action be removed to this Court from the Circuit Court of Barbour County, Alabama.

Respectfully submitted,

Equity Group Eufaula Division, LLC

By: _____
Joel P. Smith, Jr. (ASB-0328-M46J)

By: _____
Courtney R. Potthoff (ASB-4565-057C)

Attorneys for Equity Group
Eufaula Division, LLC

- 3 -

OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
      & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama  36072-0880
Telephone    (334)  687-5834
Facsimile    (334)  687-5722

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this _10_ day of August, 2007, served a copy of the above and foregoing Motion upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed, postage prepaid:

      Jerry Roberson, Esq.
      Roberson & Roberson
      P.O. Box 380487
      Birmingham, Alabama 35238-0487

                                    _____
                                  Of Counsel

Exhibit A

I certify this to be a true and correct copy of the original which is on file and enrolled in my office in Clayton or Eufaula, Barbour County, Alabama

Witness my hand and seal this 16th day of August 2007

David S. Nix, Clerk

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EQUITY GROUP
THE CORP. COMPANY
2000 INTERSTATE PK DR.
SUITE 204
MONTGOMERY, AL  36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   The Corporation Company
☐ Agent
☐ Addressee

B. Received by (Printed Name)   The Corporation Company
C. Date of Delivery  7/18/07

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7007 0220 0002 4498 0902

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

UNITED STATES POSTAL SERVICE AL 361

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-40

18 JUL 2007 PM 4

FILED
JUL 19 2007
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

• Sender: Please print your name, address, and ZIP+4 in this box •

DAVID S. NIX, CLERK
303 E. Broad Street
Room 201
Eufaula, Alabama 36027

CV-07-37



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
RON BLOCKER VS CHAROEN POKPHAND, USA INC

**69-CV-2007-000037.00**

To:  CLERK EUFAULA
     clerk.eufaula@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $5.38**

Parties to be served by **Certified Mail - Return Receipt Requested**

EQUITY GROUP EUFAULA DIVISION, LLC                          Postage: $5.38
THE CORPORATION COMPANY
2000 INTERSTATE PARK DRIVE, SUITE 204
MONTGOMERY, AL 36109

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>69-CV-2007-000037.00 |
| --- | --- | --- |

**IN THE CIVIL COURT OF BARBOUR, ALABAMA**

**RON BLOCKER VS CHAROEN POKPHAND, USA INC**

NOTICE TO   EQUITY GROUP EUFAULA DIVISION, LLC, THE CORPORATION COMPANY 2000 INTERSTATE

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JERRY ROBERSON

WHOSE ADDRESS IS P.O. Box 380487, BIRMINGHAM AL, 35238

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   BLOCKER RON
   pursuant to the Alabama Rules of the Civil Procedure

| 7/12/2007 10:56:28 AM | /s DAVID NIX | |
| --- | --- | --- |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s JERRY ROBERSON

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                        Server's Signature

ELECTRONICALLY FILED
7/12/2007 10:56 AM
CV-2007-000037.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
**EUFAULA DIVISION**

RON BLOCKER,                        )
                                    )
      Plaintiff,           )
                                    )
vs.                                 )      **Civil Action No.:  CV-2007-37**
                                    )
CHAROEN POKPHAND USA, INC.,         )
                                    )
      Defendants.          )
                                    )

---

## AMENDED COMPLAINT

    COMES NOW the Plaintiff, Ron Blocker, and re-alleges and incorporates by reference all of the allegations contained in his original complaint.

### I. JURISDICTION

    1.    This Court is vested with jurisdiction as all of the illegal conduct occurred at the defendant's plant located in Eufaula, Alabama.

### II. PARTIES

    2.    Defendant Equity Group Eufaula Division, LLC (hereinafter Equity Group), is a Delaware corporation with its principal place of business in Eufaula, Alabama. Equity Group operates a chicken processing plant and employs over 100 persons. Equity Group was doing business at all times relevant hereto in Barbour County and may be served with a copy of this complaint on their agent for service of process who is The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

## COUNT ONE

### Retaliation under the FSLA

4.    At all times relevant hereto, defendant Equity Group operated a chicken processing plant in Barbour County, Alabama.  Defendant Equity Group was the employer of the plaintiff.

5.    Plaintiff was originally hired as an hourly, non-exempt worker in the maintenance department.  Plaintiff received overtime wages for all hours over 40 worked each week.

6.    Defendant Equity Group, through its managing agents, advised plaintiff that the company was starting a policy of no overtime.  Defendant Equity Group, through its managing agents, advised plaintiff that he would make more money under the new policy by becoming a salaried supervisor and that he would work less than 45 hours per week.

7.    Defendant Equity Group never implemented the new no-overtime policy.  Plaintiff was required to work in his salaried position up to 80 hours per week.  Plaintiff did not receive overtime in the salaried position.  Plaintiff's wages were reduced from his previous hourly pay-rate.

8.    Plaintiff complained to management about his new position, the fact that he was working 80 hours per week and was not allowed receive overtime, that his wages were reduced, and that the defendant claimed that they were implementing a no-overtime policy.

9.    Defendant fired plaintiff on May 17, 2007 in retaliation for his complaints about misleading him to take a salaried position in violation of the FLSA.  The reasons

given for the plaintiff's discharge were pretextual.

10.    The defendant Equity Group, has violated 29 U.S.C. § 2001, *et seq.* commonly known as the Fair Labor Standards Act.  (Hereinafter referred to as the FLSA).

11.    The plaintiff's discharge was in retaliation for his complaints under the FLSA.  Defendant's misconduct was willful and entitles plaintiff to liquidated damages.

## COUNT TWO

### Fraud/Suppression

12.    The plaintiff re-alleges and incorporates by reference all the preceding paragraphs of his Complaint and Amended Complaint.

13.    Defendant Equity Group, by and through its authorized managing agents, made the following misrepresentations to the plaintiff: 1) that the defendant was implementing a new no-overtime policy; 2) that he would make more money as a salaried supervisor than he had made as a hourly worker; and 3) that he would work no more than 45 hours per week.

14.    When Equity Group, through its authorized agents, made the above representations, it intentionally, negligently, or recklessly misrepresented the material facts to the Plaintiff Blocker.  Blocker justifiably relied on the misrepresentations and accepted the salaried position.  If he had known that he would be working more than 45 hours per week, he would have never accepted the position.

15.    Plaintiff complained about the defendant's misrepresentations and was discharged shortly thereafter, for the pretextual reasons.

16.    Plaintiff did not learn, and a reasonable person would not have learned,

that his discharge violated the FLSA and was fraudulent. Plaintiff did not learn until he spoke with counsel for the Plaintiff in the fall of 2006, that the Defendant's conduct may have violated his federal rights and been fraudulent.

WHEREFORE, premises considered, plaintiff demands the following relief:

a)  reinstatement;

b)  back-pay, with interest;

c)  damages in the amount of his respective unpaid compensation, plus an equal amount as liquidated damages pursuant to the FLSA;

d)  reasonable attorney's fees as provided under the FLSA;

e)  pre-judgment interest;

f)  all costs and expenses;

g)  equitable relief;

h)  compensatory and punitive damages;

I)  trial by jury on all claims.

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,


s/Jerry Roberson
Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238-0487
Phone Number:    205.981.3906
Fax Number:       205.981.3908
E-mail: jdratty@charter.net
          tlbaker@charter.net

Albert H. Adams, Jr., Esquire (ADA-058)
Law Office of Albert H. Adams, Jr., P.C.
520 South Eufaula Avenue, Suite E
Post Office Box 670
Eufaula, Alabama 36072
Telephone: 334-687-1326
Fax: 866-910-9989

**Please serve the Defendant by certified mail:**

The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Al. 36109

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | |
|---|---|
| RON BLOCKER, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.:  CV-2007-37 |
| | ) |
| CHAROEN POKPHAND USA, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joel P. Smith, Jr.
WILLIAMS, POTTHOFF, WILLIAMS
& SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama 36072-00880

I also hereby certify that I have served counsel for all parties to this action with a copy of the foregoing document by depositing same in the United States mail, properly addressed with postage thereon pre-paid, on this the 9th day of July, 2007.

s/Jerry Roberson
Jerry Roberson (ROB010)

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>69-CV-2007-000037.00 |
|---|---|---|

### IN THE CIVIL COURT OF BARBOUR, ALABAMA
### RON BLOCKER VS CHAROEN POKPHAND, USA INC

**NOTICE TO**  EQUITY GROUP EUFAULA DIVISION, LLC, THE CORPORATION COMPANY 2000 INTERSTATE

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JERRY ROBERSON

WHOSE ADDRESS IS P.O. Box 380487, BIRMINGHAM AL, 35238

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     BLOCKER RON
   pursuant to the Alabama Rules of the Civil Procedure

| 7/12/2007 10:56:28 AM | /s DAVID NIX | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested      /s JERRY ROBERSON

Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date                    Server's Signature

### 69-CV-2007-000037.00
### RON BLOCKER VS CHAROEN POKPHAND, USA INC

| C001 - BLOCKER RON | v. | D002 - EQUITY GROUP EUFAULA DIVISION, LLC |
|---|---|---|
| Plaintiff | | Defendant |



69-CV-2007-000037.00  D002

## SERVICE RETURN COPY



**AlaFile E-Notice**

69-CV-2007-000037.00

To: EQUITY GROUP EUFAULA DIVISION, LLC
THE CORPORATION COMPANY
2000 INTERSTATE PARK DRIVE, SUITE 204
MONTGOMERY, AL 36109

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### RON BLOCKER VS CHAROEN POKPHAND, USA INC
### 69-CV-2007-000037.00

The following complaint was FILED on 7/12/2007 10:56:28 AM

Notice Date:      7/12/2007 10:56:28 AM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Charoen Pokphand USA, Inc
c/o Michael Wisner
100 Washington St. Ste 200
Huntsville, AL 35801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7006 2760 0000 5803 8569

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE
AL 358
21 MAY 2007

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

David S. Nix  Circuit Clerk
303 East Broad St.
Eufaula, AL 36027

CV-07-37

FILED
MAY 23 2007
DAVID S. NIX, CLERK
CO. ALABAMA

.54

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

**FILED**
JUL 1 1 2007
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

| | | |
|---|---|---|
| RON BLOCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. CV-2007-37 |
| | ) | |
| CHAROEN POKPHAND (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This cause coming on to be heard on Defendant's Motion to Dismiss, and the Court having held a hearing on said motion on July 10, 2007, and it appearing to the Court that said motion is due to be granted, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Defendant's motion is hereby granted and the Plaintiff's claims against Charoen Pokphand (USA), Inc. are hereby dismissed with prejudice, each party to bear its own costs.

**DONE** this _____ day of July, 2007.

_____
L. BERNARD SMITHART
CIRCUIT JUDGE


cc:    Joel P. Smith, Jr., Esq.
       Jerry Roberson, Esq.

ELECTRONICALLY FILED
7/9/2007 12:20 PM
CV-2007-000037.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## EUFAULA DIVISION

RON BLOCKER,                                    )
                                                )
        Plaintiff,                          )
    vs.                                        )          Civil Action No.:  CV-2007-37
                                                )
CHAROEN POKPHAND USA, INC.,                     )
                                                )
        Defendants.                         )
                                                )

-----

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Ron Blocker, and re-alleges and incorporates by reference all of the allegations contained in his original complaint.

### I. JURISDICTION

1.     This Court is vested with jurisdiction as all of the illegal conduct occurred at the defendant's plant located in Eufaula, Alabama.

### II. PARTIES

2.     Defendant Equity Group Eufaula Division, LLC (hereinafter Equity Group), is a Delaware corporation with its principal place of business in Eufaula, Alabama. Equity Group operates a chicken processing plant and employs over 100 persons. Equity Group was doing business at all times relevant hereto in Barbour County and may be served with a copy of this complaint on their agent for service of process who is The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

## COUNT ONE

### Retaliation under the FSLA

4.      At all times relevant hereto, defendant Equity Group operated a chicken processing plant in Barbour County, Alabama.  Defendant Equity Group was the employer of the plaintiff.

5.      Plaintiff was originally hired as an hourly, non-exempt worker in the maintenance department.  Plaintiff received overtime wages for all hours over 40 worked each week.

6.      Defendant Equity Group, through its managing agents, advised plaintiff that the company was starting a policy of no overtime.  Defendant Equity Group, through its managing agents, advised plaintiff that he would make more money under the new policy by becoming a salaried supervisor and that he would work less than 45 hours per week.

7.      Defendant Equity Group never implemented the new no-overtime policy.  Plaintiff was required to work in his salaried position up to 80 hours per week.  Plaintiff did not receive overtime in the salaried position.  Plaintiff's wages were reduced from his previous hourly pay-rate.

8.      Plaintiff complained to management about his new position, the fact that he was working 80 hours per week and was not allowed receive overtime, that his wages were reduced, and that the defendant claimed that they were implementing a no-overtime policy.

9.      Defendant fired plaintiff on May 17, 2007 in retaliation for his complaints about misleading him to take a salaried position in violation of the FLSA.  The reasons

given for the plaintiff's discharge were pretextual.

      10.    The defendant Equity Group, has violated 29 U.S.C. § 2001, *et seq.*

commonly known as the Fair Labor Standards Act.  (Hereinafter referred to as the

FLSA).

      11.    The plaintiff's discharge was in retaliation for his complaints under the

FLSA.  Defendant's misconduct was willful and entitles plaintiff to liquidated damages.

## COUNT TWO

### Fraud/Suppression

      12.    The plaintiff re-alleges and incorporates by reference all the preceding

paragraphs of his Complaint and Amended Complaint.

      13.    Defendant Equity Group, by and through its authorized managing agents,

made the following misrepresentations to the plaintiff: 1) that the defendant was

implementing a new no-overtime policy; 2) that he would make more money as a

salaried supervisor than he had made as a hourly worker; and 3) that he would work no

more than 45 hours per week.

      14.    When Equity Group, through its authorized agents, made the above

representations, it intentionally, negligently, or recklessly misrepresented the material

facts to the Plaintiff Blocker.  Blocker justifiably relied on the misrepresentations and

accepted the salaried position.  If he had known that he would be working more than 45

hours per week, he would have never accepted the position.

      15.    Plaintiff complained about the defendant's misrepresentations and was

discharged shortly thereafter, for the pretextual reasons.

      16.    Plaintiff did not learn, and a reasonable person would not have learned,

that his discharge violated the FLSA and was fraudulent.  Plaintiff did not learn until he

spoke with counsel for the Plaintiff in the fall of 2006, that the Defendant's conduct may

have violated his federal rights and been fraudulent.

WHEREFORE, premises considered, plaintiff demands the following relief:

a)    reinstatement;

b)    back-pay, with interest;

c)    damages in the amount of his respective unpaid compensation,

plus an equal amount as liquidated damages pursuant to the FLSA;

d)    reasonable attorney's fees as provided under the FLSA;

e)    pre-judgment interest;

f)    all costs and expenses;

g)    equitable relief;

h)    compensatory and punitive damages;

I)    trial by jury on all claims.

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

s/Jerry Roberson
Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238-0487
Phone Number:     205.981.3906
Fax Number:       205.981.3908
E-mail: jdratty@charter.net
            tlbaker@charter.net

Albert H. Adams, Jr., Esquire (ADA-058)
Law Office of Albert H. Adams, Jr., P.C.
520 South Eufaula Avenue, Suite E
Post Office Box 670
Eufaula, Alabama 36072
Telephone: 334-687-1326
Fax: 866-910-9989


**Please serve the Defendant by certified mail:**

The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Al. 36109

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | | |
|---|---|---|
| **RON BLOCKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Civil Action No.: CV-2007-37** |
| | ) | |
| **CHAROEN POKPHAND USA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

_____

## CERTIFICATE OF SERVICE

     I hereby certify that on the 9th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joel P. Smith, Jr.
WILLIAMS, POTTHOFF, WILLIAMS
& SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama 36072-00880

     I also hereby certify that I have served counsel for all parties to this action with a copy of the foregoing document by depositing same in the United States mail, properly addressed with postage thereon pre-paid, on this the 9th day of July, 2007.

s/Jerry Roberson
Jerry Roberson (ROB010)

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

**FILED**

JUN 11 2007

DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

| | | |
|---|---|---|
| RON BLOCKER | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | CIVIL ACTION NO.: CV-2007-37 |
| | ) | |
| CHAROEN POKPHAND (USA), INC., | ) | |
| Defendant. | ) | |
| | ) | |

<u>**MOTION TO DISMISS**</u>

Comes now the Defendant Charoen Pokphand (USA), Inc. ("CP"), by and through its undersigned counsel, and pursuant 2(b)(6) of the Alabama Rules of Civil Procedure moves this Court to dismiss Plaintiff's claims against CP, and as grounds therefore states as follows:

1.      Plaintiff, a former employee of CP, filed the complaint in this action against CP on May 15, 2007.  Plaintiff's two-count complaint alleges that (1) CP violated the Fair Labor Standards Act of 1938 ("FLSA") by terminating his employment in retaliation for Plaintiff's complaints about working overtime, and (2) CP made certain fraudulent misrepresentations on which Plaintiff relied in accepting a promotion from an hourly paid maintenance worker to a salaried maintenance supervisor.

2.      CP previously employed plaintiff in the maintenance department in its poultry processing facility in Baker Hill, Barbour County, Alabama.  On March 12, 2004, CP sold substantially all of its assets, including its poultry processing facilities in Barbour County, Alabama, and as a result of said sale, CP terminated all of its maintenance and production employees, including Plaintiff.   Plaintiff has not been

*6-13-07*

*set July 10, 2007*

*DASN*

employed with CP since March 12, 2004.    See *Affidavit of Penporn Nantawisarakul* attached hereto.

3.    Plaintiff's retaliation claim is governed by the FLSA, as amended.  The FLSA's statute of limitations forever bars any claims not brought within two years of the accrual of the cause of action, except that any cause of action arising out of a willful violation must be brought within three years of its accrual. 29 U.S.C.A. § 255(a).  Since Plaintiff's latest possible date of employment with CP was March 12, 2004, and this action was not filed until May 15, 2007, all FLSA claims are barred by the statute of limitations.

4.    Plaintiff's common law fraud claims are barred by Alabama's two-year statute of limitations for fraud actions.   Under this statute, the plaintiff must file suit within two years of his discovery of the fraud.  *Ala. Code* § 6-2-3 (1975).  Plaintiff alleges he "was required to work in his salaried position up to 80 hours per week. Plaintiff did not receive overtime.  Plaintiff's wages were reduced from his previous hourly position." Complaint, par. 7. In addition, Plaintiff claims "if he had known that he would be working more than 45 hours per week, he would have never accepted the position." Complaint, par. 14.  Clearly, Plaintiff would have discovered any such fraud while performing his alleged 80 hour work weeks for CP, and at that time would have discovered he was working more than 45 hours per week, if in fact he was.  Since he has not worked for more than three years, Plaintiff's fraud claims are barred by the statute of limitations.

WHEREFORE, premises considered, CP moves this Honorable Court for an order dismissing all of Plaintiff's claims with prejudice.

Respectfully submitted on this  day of June, 2007.

_____
Joel P. Smith, Jr.
Attorney for Defendant

OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
& SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama  36072-0880

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon the following counsel of record in this cause via U. S. Mail on this the *1ST* day of June, 2007:

Jerry D. Roberson, Esq.
Roberson & Roberson
Post Office Box 380487
Birmingham, Alabama  35238-0487

_____
Of Counsel

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## EUFAULA DIVISION

RON BLOCKER,

     Plaintiff,

VS.

CHAROEN POKPHAND (USA), INC.

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.:  CV-2007-37

## AFFIDAVIT OF PENPORN NANTAWISARUKUL

Before me, the undersigned authority for administering oaths, personally appeared Penporn Nantawisarakul, who being by me first sworn, deposes and says as follows:

1.    "My name is Penporn Nantawisarakul.  I am an individual over the age of nineteen (19) years.  I have personal knowledge of the facts contained herein.  I am aware that this affidavit is being given in connection with a lawsuit styled *Ron Blocker vs. Charoen Pokphand (USA), Inc*, in the Circuit Court of Barbour County, Alabama, Case No 2007-37.

2.    I am the vice president of accounting and finance for Charoen Pokphand (USA), Inc. ("CP").  From 1998 until March 12, 2004, CP owned a vertically integrated poultry processing operation in Baker Hill, Barbour County, Alabama.  I was employed by CP while it owned this operation.

3.    On March 12, 2004, CP sold its entire vertically integrated poultry processing operation to Equity Group Eufaula Division, LLC.  The sale was an asset sale pursuant to which CP sold substantially all of its assets, including its main

processing plant, further processing plant, feed mill, hatchery, and breeder farms.  As a result of the sale, CP terminated each and every one of its maintenance and production employees, because it no longer owned any processing facilities.

4.    According to personnel records of CP, at the time of the sale on March 12, 2004, Ron Blocker was employed by CP in its maintenance department.  As with all other maintenance and production employees, Mr. Blocker's employment with CP was terminated on March 12, 2004 as a result of the sale, and he has not been employed by CP at any time since March 12, 2004.

5.    FURTHER THE AFFIANT SAITH NOT.

_____
Penporn Nantawisarukul

SWORN to and subscribed before me on this ____8th____ day of June, 2007.

_____
NOTARY PUBLIC

My Commission Expires: _____

GEORGE MARTIYAN
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires January 1, 2011

**IN THE CIRCUIT COURT OF**
**BARBOUR COUNTY, ALABAMA**
**EUFAULA DIVISION**

FILED
MAY 15 2007
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

RON BLOCKER,                          *
                                      *
     PLAINTIFF,                      *
                                      *
VS.                                   *      CIVIL ACTION NO.:  CV-07- _37_
                                      *
CHAROEN POKPHAND USA, INC.,           *
                                      *
     DEFENDANT.                      *


### SUMMONS

Notice to:      Charoen Pokphand USA, Inc. c/o Mr. Michael Wisner, 100 Washington Street, Suite 200, Huntsville, AL 35801

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY, JERRY ROBERSON, WHOSE ADDRESS IS POST OFFICE BOX 380487, BIRMINGHAM, ALABAMA 35238-0487.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN <u>30</u> DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

This service by certified mail of this summons is initiated upon the written request of plaintiff's attorney, Jerry Roberson, pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.

_____    _____
Date                       Clerk/Register

**RETURN OF SERVICE:**

Certified Mail return receipt received in this office on (Date)_____(Return receipt hereto attached)

IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION



RON BLOCKER,                          *
                                      *
        PLAINTIFF,                    *
                                      *
VS.                                   *          CIVIL ACTION NO.: CV-07-$\partial$7
                                      *
CHAROEN POKPHAND USA, INC.,           *
                                      *
        DEFENDANT.                    *


## COMPLAINT


The complaint of plaintiff Ron Blocker, respectfully alleges as follows:

### I. JURISDICTION

1.      This court is vested with jurisdiction as all of the illegal conduct occurred at the

defendant's plant located in Eufaula, Alabama.

### II. PARTIES

2.      Plaintiff Ron Blocker is an adult resident citizen of Barbour County, Alabama.

3.      Defendant Charoen Pokphand USA, Inc. hereinafter referred to as "CP" is an

Alabama corporation with its principal place of business in Eufaula, Alabama.  CP operates a

chicken processing plant and employs over 100 persons.  CP was doing business at all times relevant

hereto in Barbour County and may be served with a copy of this complaint on their agent for service

of process who is Michael Wisner, 100 Washington Street, Suite 200, Huntsville, AL 35801.

### COUNT ONE

**Retaliation under the FSLA**

4.      At all times revelant hereto, defendant CP operated a chicken processing plant in Barbour County, Alabama.  Defendant CP was the employer of the plaintiff.

5.      Plaintiff was originally hired as an hourly, non-exempt worker in the maintenance department.  Plaintiff received overtime wages for all hours over 40 worked each week.

6.      Defendant CP, through its managing agents, advised plaintiff that the company was starting a policy of no overtime.  Defendant CP, through its managing agents, advised plaintiff that he would make more money under the new policy by becoming a salaried supervisor and he would work less than 45 hours per week.

7.      Defendant CP never implemented the new no-overtime policy.  Plaintiff was required to work in his salaried position up to 80 hours per week.  Plaintiff did not receive overtime. Plaintiff's wages were reduced from his previous hourly position.

8.      Plaintiff complained to management about his new position, the fact that he was working 80 hours per week and not receiving overtime, that his wages were reduced, and that defendant claimed that they were implementing a no-overtime policy.

9.      Defendant fired plaintiff on May 17, 2007 in retaliation for his complaints about misleading him to take a salaried position in violation of the FLSA.  The reasons given for the plaintiff's discharge were pretextual.

10.     The defendant CP, has violated 29 U.S.C. § 2001, *et seq.* commonly known as the Fair Labor Standards Act.  (Hereinafter referred to as the FLSA).

11.     The plaintiff's discharge was in retaliation for his complaints under the FLSA. Defendant's misconduct was willful and entitles plaintiff to liquidated damages.

## COUNT TWO

### Fraud/Suppression

12.    The plaintiff realleges and incorporates by reference paragraphs 1-11.

13.    Defendant CP, by and through its authorized managing agents, made the following misrepresentations to the plaintiff: 1) that the defendant was implementing a new no-overtime policy; 2) that he would make more money as a salaried supervisor than he had made as a hourly worker; and 3) that he would work no more than 45 hours per week.

14.    When CP, through its authorized agents, made the above representations, it intentionally, negligently, or recklessly misrepresented the material facts to Blocker.  Blocker justifiably relied on the misrepresentations and accepted the salaried position.  If he had known that he would be working more than 45 hours per week, he would have never accepted the position.

15.    Plaintiff complained about the defendant's misrepresentations and was discharged shortly thereafter, for the pretextual reasons.

16.    WHEREFORE, premises considered, plaintiff demands the following relief:

    a)    reinstatement;

    b)    back-pay, with interest;

    c)    damages in the amount of his respective unpaid compensation, plus an equal amount as liquidated damages pursuant to the FLSA;

    d)    reasonable attorney's fees as provided under the FLSA;

    e)    pre-judgment interest;

    f)    all costs and expenses;

    g)    equitable relief;

    h)    compensatory and punitive damages;

i)      trial by jury on all claims.

_JERRY ROBERSON (ROB 010)_
**JERRY ROBERSON (ROB 010)**
**Attorney for Plaintiff**
**P.O. Box 380487**
**Birmingham, Alabama  35238-0487**
**(205) 981-3906**

PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES IN THIS CASE.

Jerry Roberson

PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:

Charoen Pokphand USA, Inc.
c/o Mr. Michael Wisner
100 Washington Street, Suite 200
Huntsville, AL 35801

| State of Alabama<br>Unified Judicial System | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>| C | V | | | | | | | | | | . | | |
|---|---|---|
| Form ARCivP-93    Rev. 5/99 | | Date of Filing:    Judge Code:<br>| 0 | 5 | | 1 | 5 | | 2 | 0 | 0 | 7 | | | | | |<br>Month    Day    Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____Barbour_____, ALABAMA
(Name of County)

_____Ron Blocker_____  v. _____Charoen Pokphand USA, Inc_____
Plaintiff                                               Defendant

First Plaintiff  ☐ Business  ☒ Individual        First Defendant  ☒ Business  ☐ Individual
                 ☐ Government ☐ Other                              ☐ Government ☐ Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) that best characterizes your action:

| TORTS: PERSONAL INJURY | | OTHER CIVIL FILINGS (cont'd) | |
|---|---|---|---|
| ☐ WDEA | - Wrongful Death | ☐ MSXX | - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ |
| ☐ TONG | - Negligence: General | | Enforcement of Agency Subpoena/Petition to Preserve |
| ☐ TOMV | - Negligence: Motor Vehicle | ☐ CVRT | - Civil Rights |
| ☐ TOWA | - Wantonness | ☐ COND | - Condemnation/Eminent Domain/Right of Way |
| ☐ TOPL | - Product Liability/AEMLD | ☐ CTMP | - Contempt of Court |
| ☐ TOMM | - Malpractice-Medical | ☐ CONT | - Contract/Ejectment/Writ of Seizure |
| ☐ TOLM | - Malpractice-Legal | ☐ TOCN | - Conversion |
| ☐ TOOM | - Malpractice-Other | ☐ EQND | - Equity Non-Damages Actions/Declaratory Judgment/Injunction |
| ☐ TBFM | - Fraud/Bad Faith/Misrepresentation | | Election Contest/Quiet Title/Sale For Division |
| ☒ TOXX | - Other: _FSLA_ | ☐ CVUD | - Eviction Appeal/Unlawful Detainer |
| | | ☐ FORJ | - Foreign Judgment |
| **TORTS: PROPERTY INJURY** | | ☐ FORF | - Fruits of Crime Forfeiture |
| ☐ TOPE | - Personal Property | ☐ MSHC | - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition |
| ☐ TORE | - Real Property | ☐ PFAB | - Protection From Abuse |
| **OTHER CIVIL FILINGS** | | ☐ FELA | - Railroad/Seaman (FELA) |
| ☐ ABAN | - Abandoned Automobile | ☐ RPRO | - Real Property |
| ☐ ACCT | - Account & Nonmortgage | ☐ WTEG | - Will/Trust/Estate/Guardianship/Conservatorship |
| ☐ APAA | - Administrative Agency Appeal | ☐ COMP | - Workers' Compensation |
| ☐ ADPA | - Administrative Procedure Act | ☐ CVXX | - Miscellanous Circuit Civil Case |
| ☐ ANPS | - Adults in Need of Protective Services | | |

*FILED MAY 15 2007* (stamp)

**ORIGIN** (check one):  F ☒ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER: _____
                         R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?  ☒ YES  ☐ NO    Note:  Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☒ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
| R | O | B | 0 | 1 | 0 |    _5/17/07_    _Jerry Robinson_ (signature)
Date              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☐ UNDECIDED