**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **RON BLOCKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:  2:07cv.722 MHT-WC** |
| | ) | |
| **EQUITY GROUP EUFAULA** | ) | |
| **DIVISION, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Defendant, Equity Group Eufaula Division, LLC (hereinafter referred to as "Equity Group" and "Defendant"), and requests this Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, require a more definite statement of Plaintiff's claims against Defendant, because his pleading is so vague and ambiguous Defendant cannot reasonably frame a responsive pleading.  In support of this motion, Defendant respectfully shows unto the Court the following:

1.      In Count One of his Amended Complaint, Plaintiff alleges Defendant terminated his employment in retaliation for having complained about working overtime, and avers that the termination thus violated the Fair Labor Standards Act of 1938.   In Count Two of his Amended Complaint, Plaintiff alleges Defendant fraudulently misrepresented to him that it was implementing a new "no-overtime" policy, that he would make more money as a salaried supervisor than as an hourly employee and that he would work no more than 45 hours per week. As will be shown, both his Complaint and Amended Complaint are ambiguous in that they allege an obviously incorrect date of termination and also lack the requisite specificity.

2.      Plaintiff initially sued Charoen Pokphand (USA), Inc. ("CP") in this action and

his allegations against CP were virtually identical to those against Equity Group.    See Complaint; Notice of Removal, Par. 2., Ex. A.  As the record in the state court proceedings reflects, Plaintiff simply named the wrong party as a defendant. See Motion to Dismiss filed by Charoen Pokphand (USA), Inc., attached as part of Exhibit A to Defendant's Notice of Removal. As explained in the Notice of Removal and CP's Motion to Dismiss, CP initially employed Plaintiff.  Defendant purchased the facility from CP in March, 2004 and hired Plaintiff at that time.  Plaintiff filed his initial Complaint against CP on May 15, 2007, and therein alleged that CP terminated Plaintiff on May 17, *2007*, which is obviously incorrect because it is two days after Plaintiff filed his Complaint.  See Complaint, Par. 9.  Plaintiff did not correct the date the when he filed his Amended Complaint, rendering it ambiguous.

3.    In addition, Fed. R. Civ. P. 9 (b) requires that circumstances of fraud be stated with particularity.   The Eleventh Circuit has recognized that Fed. R. Civ. P. 9(b) requires the plaintiff to allege the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them.  Cooper v. Blue Cross & Blue Shield of Fla., 19 F. 3d 562 (11th Cir. 1994).  A plaintiff may satisfy the specificity requirements by stating precisely what statements were made in what documents or oral representations, the time and place of each such statement and who was responsible for making it, the content of the statements and the manner in which plaintiff was misled, and what the defendants obtained as a consequence of the fraud.  Brooks v. Blue Cross & Blue Shield of Fla., 116 F. 3d 1364 (11th Cir. 1997).  Admittedly, a plaintiff is not always required to state precisely such details as the date, time or place of the alleged fraudulent misconduct.  Chilton Water Authority v. Shell Oil Company, 1999 WL 1628000 (M.D.Ala. 1999).  However, in the absence of these details, it must otherwise provide "a modest degree of precision and substantiation to plaintiff's fraud claim."  Id. at 4.

4.      In the instant case, Plaintiff does not state whether the misrepresentations were written or oral, nor does he identify any individuals whom he alleges made the misrepresentation.  Finally, he does not identify the date, time or place of the alleged misrepresentations.  These details are of particular importance in this case because of the change in ownership of the plant.

5.      In summary, Plaintiff has not stated his claims with the degree of particularity the law requires.  Pursuant to Fed. R. Civ. P. 9(b) and 12(e), this Court should require Plaintiff to state with specificity the details of the date of termination and the alleged fraud and suppression, including precisely what statements were made in what documents or oral representations, the time and place of each such statement and who was responsible for making it, the content of each such statement and the manner in which Plaintiff was misled, and what the Defendant obtained as a consequence of the fraud.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court enter an Order requiring Plaintiff to furnish a more definite statement of the alleged wrongful acts against Defendant.

_/s/  JOEL P. SMITH, JR_
Joel P. Smith, Jr.
ASB-0328-M46J
Attorney for Defendant


OF COUNSEL:
WILLIAMS, POTTHOFF, WILLIAMS
        & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama  36072-0880
Telephone      (334)  687-5834
Facsimile      (334)  687-5722

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing motion was served upon the following counsel of record by electronic service this 16th day of August, 2007:

Jerry Roberson, Esq.
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238-0487

Albert Adams
P.O. Box 620
Eufaula, Alabama 36072

*/s/ JOEL P. SMITH, JR*
Of Counsel