**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| RON BLOCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.:  2:07cv.722 MHT-WC |
| | ) | |
| EQUITY GROUP EUFAULA | ) | |
| DIVISION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendant, Equity Group Eufaula Division, LLC, (hereinafter referred to as "Defendant"), and for answer to Plaintiff's Second Amended Complaint ("Plaintiff's Second Amended Complaint") filed in the above-styled cause, states as follows:

**I.   JURISDICTION**

1.   Admitted in part and denied in part.  It only is admitted that this Court has jurisdiction since Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act ("FLSA") and that venue is proper in this district.  It is denied that Defendant engaged in any "alleged illegal conduct" and the remaining allegations of Paragraph 1 of Plaintiff's Second Amended Complaint are denied and Defendant demands strict proof thereof.

**II.   PARTIES**

2.   Denied as stated.  Defendant employs over 100 persons and operates an integrated poultry plant and related facilities in Baker Hill, Alabama, and related areas, including grow out operations and a first processing plant and a further processing plant.  The remaining allegations of Paragraph 2 of Plaintiff's Second Amended Complaint are denied.

3. Intentionally omitted, as there is no Paragraph 3 in Plaintiff's Second Amended Complaint.

## COUNT ONE

## Retaliation under the FLSA

4. Denied as stated. Defendant admits it acquired the facility from Charoen Pokphand (USA), Inc. as of March 12, 2004. To the extent that Plaintiff was employed at the facility prior to that date, he was not employed by this Defendant but by Charoen Pokphand (USA), Inc., and this Defendant has no liability. Defendant admits Ron Blocker was an employee of this Defendant.

5. Defendant was originally hired at this facility by Charoen Pokphand (USA) Inc. Defendant acquired the facility from Charoen Pokphand (USA), Inc. as of March 12, 2004. To the extent that Plaintiff was employed at the facility prior to that date, he was not employed by this Defendant but by Charoen Pokphand (USA), Inc., and this Defendant has no liability. Defendant admits Ron Blocker was an employee of this Defendant and when he was an hourly, non-exempt worker he was paid the required statutory rate when he was authorized, required, requested or permitted to work in excess of 40 hours in any work week. The remaining allegations of Paragraph 5 of Plaintiff's Second Amended Complaint are denied.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

## **COUNT TWO**

### **Fraud/Suppression**

12. Defendant repeats and realleges its responses to Paragraphs 1 through 11 of Plaintiff's Second Amended Complaint and incorporates such paragraphs in response to Count I of Plaintiff's Second Amended Complaint by reference as if fully set out herein.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, and each and every count contained therein, fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations, laches and/or waiver, estoppel, collateral estoppel, accord and satisfaction, release, failure to read, release, and res judicata.

### FOURTH DEFENSE

Defendant has not acted willfully nor has it willfully deprived any person of wages to which such persons were otherwise entitled under the FLSA.

### FIFTH DEFENSE

Defendant at all times acted in good faith and with reasonable grounds to believe that it did not violate the FLSA.

### SIXTH DEFENSE

Plaintiff was terminated for a legitimate, non-retaliatory reason.

### SEVENTH DEFENSE

Defendant did not willfully violate the FLSA.

### EIGHTH DEFENSE

Plaintiff is not entitled to liquidated damages.

## NINTH DEFENSE

All actions taken by Defendant relating to Plaintiff were taken in good faith.

## TENTH DEFENSE

In the event a jury finds any agent or employee of Defendant was guilty of intentional, wrongful conduct or conduct involving malice, it is denied that Defendant either: (1) knew or should have known of the unfitness of the agent/employee and employed him or continued to employ him or used his services without proper instruction and with disregard to the rights or safety of others; or (2) authorized the agent's/employee's alleged wrongful conduct; or (3) ratified the alleged wrongful conduct of the agent/employee; nor were the alleged acts of the agent/employee calculated to nor did they benefit Defendant.

## ELEVENTH DEFENSE

If the actions of any of Defendant's agents/employees were unlawful as they relate to Plaintiff, they were outside the line and scope of the agent's/employee's agency and were not ratified by Defendant, nor did Defendant receive any benefits therefrom.

## TWELFTH DEFENSE

Plaintiff's claims for punitive damages are due to be struck, as sufficient facts are not pled to permit Plaintiff to recover punitive damages.

## THIRTEENTH DEFENSE

Defendant pleads the doctrine of unclean hands.

## FOURTEENTH DEFENSE

Defendant has arguable and/or debatable reasons or justification for its actions in this case.

### FIFTEENTH DEFENSE

Defendant is not entitled to the relief requested.

### SIXTEENTH DEFENSE

Defendant is not guilty of the matters and things alleged in Plaintiff's Complaint.

### SEVENTEENTH DEFENSE

Defendant denies the material allegations of Plaintiff's Complaint and demands strict proof thereof.

### EIGHTEENTH DEFENSE

Defendant denies that the Plaintiff was injured or harmed in any way by any alleged act or omission by it.

### NINETEENTH DEFENSE

Defendant specifically avers that Plaintiff did not reasonably rely upon any representations of any of the defendants.

### TWENTIETH DEFENSE

Defendant affirmatively denies that neither it nor any of its agents, servants or employees is guilty of any bad faith in their conduct dealing with Plaintiff.

### TWENTY-FIRST DEFENSE

Plaintiff is estopped from seeking these damages.

### TWENTY-SECOND DEFENSE

Defendant affirmatively pleads assumption of risk, contributory negligence.

### TWENTY-THIRD DEFENSE

The Plaintiff's claims fail, in whole or in part, because the Plaintiff has failed to mitigate his damages.

### TWENTY-FOURTH DEFENSE

Defendant pleads the general issue.

### TWENTY-FIFTH DEFENSE

Defendant avers that the damages sought by Plaintiff, separately and severally, are not recoverable as a matter of law.

### TWENTY-SIXTH DEFENSE

Defendant avers that the injuries and damages claimed in the Complaint were caused by the acts or omissions of others for whom it owes no legal responsibility.

### TWENTY-SEVENTH DEFENSE

Defendant denies that Plaintiff has been injured to the extent and in the manner alleged and contests damages.

### TWENTY-EIGHTH DEFENSE

Defendant denies that it has been guilty of any conduct which entitles Plaintiff to recover punitive damages and/or mental anguish.

### TWENTY-NINTH DEFENSE

Defendant pleads the general issue.

### THIRTIETH DEFENSE

The imposition of punitive damages against Defendant in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

**THIRTY-FIRST DEFENSE**

Defendant cannot be held liable for punitive damages for intentional wrongful conduct involving malice based upon acts or omissions of any agent, employee, or servant pursuant to *Ala. Code* § 6-11-27 ( Supp. 1991).

**THIRTY-SECOND DEFENSE**

The claims of Plaintiff for punitive damages and/or mental anguish against Defendant cannot be sustained because an award of punitive damages and/or mental anguish under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages or damages for mental anguish that a jury may impose, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

**THIRTY-THIRD DEFENSE**

The claims of Plaintiff for punitive damages and/or mental anguish against Defendant cannot be sustained, because an award of punitive damages or damages for mental anguish under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of such a damage award; (2) is not instructed on the limits on punitive damages or damages imposed by the applicable principles of deterrence, punishment and reasonableness, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of the defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages or mental anguish damages that is vague and arbitrary as to damages permissible, and

8

(5) is not subject to judicial review on the basis of objective standards, would violate Defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### THIRTY-FOURTH DEFENSE

The claims of Plaintiff for punitive damages and/or mental anguish against Defendant cannot be sustained because an award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant's substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

### THIRTY-FIFTH DEFENSE

Any award of punitive damages based upon anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

### THIRTY-SIXTH DEFENSE

Any award of punitive damages in this case would violate Defendant's rights under the substantive and procedural due process clause of the United States Constitution and the

Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment of the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

### THIRTY-SEVENTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution as does Alabama's system of awarding damages for mental anguish. While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1991), events subsequent to *Haslip*, have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See *BMW of America v. Gore*, 116 S. Ct. 1589 (Ala. 1996). The Alabama system affords juries standardless discretion to impose unlimited punishment, and Alabama post-verdict review is neither meaningful, consistent, nor constitutionally adequate to cure this crucial constitutional defect.

### THIRTY-EIGHTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of pre-existing, express legislatively established range of penalties.

### THIRTY-NINTH DEFENSE

The imposition of a punitive damage award against Defendant in this cause in the absence of explicit, particularized guidelines or standards is highly unfair because an award

made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guideline or standards will bear no rational or reasonable relationship to Defendant's alleged conduct in this matter or to any alleged harm to Plaintiff, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. 1, § 15.

## FORTIETH DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, *Code of Alabama* regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary damage awards. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## FORTY-FIRST DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6, and 22 of the Constitution of the State of Alabama 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### FORTY-SECOND DEFENSE

Defendant avers that an award of punitive damages, if any, in this case may not exceed $250,000.00 under *Ala. Code* § 6-11-21.  In declaring this provision unconstitutional in 1993, the Alabama Supreme Court acted beyond the scope of its powers and violated the separation of powers clause of the United States Constitution and the Constitution of the State of Alabama.  Accordingly, the Court's action was without effect and *Ala. Code* §- 6-11-21 should apply in this case. Alternatively, any punitive damage award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

### FORTY-THIRD DEFENSE

Defendant avers that an award of punitive damages, if any, in this case would violate the due process clause of awarding punitive damages for alleged wrong caused to strangers as more specifically enumerated in *Philip Morris U.S.A. v. Williams,* 549 U.S. ___ (2007).

### FORTY-FORTH DEFENSE

Defendant asserts as a defense Plaintiff's failure to comply with any statutory or policy condition precedents prior to filing suit.

### FORTY-FIFTH DEFENSE

Plaintiff's Complaint contains insufficient information to permit Defendant to raise all appropriate defenses.  Discovery has yet to be completed in this case; therefore, Defendant reserves the right to amend and/or supplement this Answer with additional affirmative defenses.

*/s/ Joel P. Smith, Jr.*
Joel P. Smith, Jr.          ASB-0328-M46J

Attorney for Defendant

OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
    & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama 36072-0880
Telephone   (334) 687-5834
Facsimile   (334) 687-5722

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing Answer was served upon the following counsel of record by electronic service and/or U.S. Mail on this 28th day of September, 2007:

    Jerry Roberson, Esq.
    Roberson & Roberson
    PO Box 380487
    Birmingham, Alabama 35238-0487

    Albert H. Adams, Jr., Esq.
    Law Office of Albert H. Adams, Jr., P.C.
    PO Box 670
    Eufaula, Alabama 36072-0670

                                  /s/ Joel P. Smith, Jr.
                                  OF COUNSEL